850 F.2d 688
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wilbert Andrew ALLEN, Plaintiff-Appellant,
v.
Brenda CESARIO; Donald C. Carpenter; Harry Weatherman;
Douglas K. Cesario; Hoyt G. Thompson, Defendants-Appellees.
 No. 87-7779.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 22, 1988.
Decided: June 27, 1988.
 
 Wilbert Andrew Allen, appellant pro se.
 Allan R. Gitter, Guy F. Driver, Jr. (Womble, Carlyle, Sandridge & Rice), for appellees.
 Before WIDENER, K.K. HALL and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Wilbert Allen, a North Carolina inmate, brought this action pursuant to 42 U.S.C. Sec. 1983 alleging that the defendants violated his constitutional rights through the use of excessive and unjustified force during an incident at the Forsyth County Courthouse on February 3, 1984. The case was tried before a jury which returned a verdict in favor of the defendants. Finding the issues Allen raises in this appeal to be without merit, we deny leave to proceed in forma pauperis, deny preparation of a transcript at government expense, and dismiss the appeal.
 
 
 2
 Allen contends that defendants provided no evidence of why it was necessary to use force against him. However, each of the defendants testified that force was used against Allen when he attempted to reenter the courtroom after he had been escorted out for creating a disturbance during his sentencing on an assault charge. Thus, contrary to Allen's assertions, defendants did provide a reason for their actions. Whether this explanation was credible was a matter for the jury, not this Court, to decide. See Morteson v. United States, 322 U.S. 369 (1944).
 
 
 3
 Allen's second claim is that the jury charge on excessive and unjustified force was misleading. This claim is without merit. In their brief, the defendants state, and Allen does not dispute, that the charge "was to the effect that the defendants would be liable if they inflicted pain to the plaintiff for the mere purpose of inflicting harm in a wilful or wanton or sadistic manner." This charge is very similar to the charge deemed adequate in Justice v. Dennis, 834 F.2d 380 (4th Cir.1987) (en banc). We reject Allen's contention that this charge is erroneous or misleading.
 
 
 4
 Allen's third claim is that a hospital official who testified at Allen's trial lacked knowledge concerning Allen's injuries. Yet this official, who was in charge of hospital records, did not purport to offer expert medical testimony. Indeed, even Allen admits she specifically declined to answer questions requiring medical knowledge. This official merely related what information was contained in the hospital records regarding Allen's treatment. The court did not err in allowing this testimony.
 
 
 5
 Allen's fourth claim is that the court erred by limiting cross-examination of defendants Brenda and Douglas Cesario about their departure from the sheriff's office following an assault on another individual. Specifically, Allen desired to question the Cesarios about their recent marriage in hopes of proving some unspecified "conspiracy" and to question Mr. Cesario about an unrelated incident involving an assault on another individual even though Cesario had previously been completely exonerated of any wrongdoing. Because these issues were largely irrelevant to the case at hand, the trial court did not err in limiting cross-examination.
 
 
 6
 Next, we find no merit in Allen's claim that the trial judge applied the wrong law. We conclude that the trial court's determination that Allen was a pretrial detainee rather than a prisoner was correct. In any event, because the standard for claims of excessive force is essentially the same whether they arise under the fifth or eighth amendments, Allen was not prejudiced by any possible miscategorization. Justice, 834 F.2d at 382 n. 4.
 
 
 7
 We next hold that the trial court did not err in dismissing the case against defendant Weatherman. Weatherman and all the other defendants testified that he was not present and did not witness the incident. Allen has presented no credible evidence that he was. This claim was properly dismissed.
 
 
 8
 Allen claims that this Court should hold an evidentiary hearing to investigate threats made against his life by inmates and by the prison official who drove Allen to the courthouse the day of trial. Allen, however, has failed to show how these threats have any connection to the case at hand.
 
 
 9
 Finally, Allen claims the trial court erred "by not challenging the jurors by blood or marriage." Once again, Allen has produced no evidence that any of the jurors were related to any of the defendants. This claim is without merit.
 
 
 10
 Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument, deny leave to proceed in forma pauperis and dismiss the appeal.
 
 
 11
 DISMISSED.